AARON JENKINS V. THE STATE.

*No. 3941. Decided November 25.*

1. **Evidence—Accomplices, etc., as Witnesses for Each Other.**—Article 731 of the Code of Criminal Procedure, which provides that persons charged as principals, accomplices, or accessories, whether in the same or different indictments, can not testify in behalf of each other, is in no manner changed or affected by the Act of 1889 (Acts 21st Leg., p. 37), which provides that defendants may testify in their own behalf; on the contrary, it is expressly provided by said act, "That where there are two or more persons jointly charged or indicted, and a severance is had, the privilege of testifying shall be extended only to the person on trial."

2. **Aggravated Assault—Deadly Weapon.**—Where the information alleged an aggravated assault, committed with a pistol, "a deadly weapon," *held*, that the deadly character of the weapon must be proved as alleged. A pistol used to strike with is nothing more than a piece of iron of the same size, weight, and shape.

APPEAL from the County Court of Smith. Tried below before Hon. B. B. Beaird, County Judge.

Appellant was convicted under an information charging him with an aggravated assault committed with a pistol, "a deadly weapon," and his punishment assessed at a fine of $25. It is unnecessary to state the facts of the case.

*C. G. White,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant was prosecuted and convicted upon an information charging him with an aggravated assault upon one Stephens, committed with "a pistol, the same being then and there a deadly weapon," by striking said Stephens with said pistol.

It seems that one Andrew Jenkins was being prosecuted under a separate information for the same offense. On a trial of this case defendant proposed to introduce as a witness said Andrew Jenkins, whose testimony was excluded by the court upon objection by the prosecution that the proposed witness was a principal offender or an accomplice. This ruling was correct. Code Crim. Proc., art. 731. The Act of 1889, permitting defendants to testify in their own behalf, does not change the rule as to principals or accomplices, etc. On the contrary, it is expressly provided by said act, "That when there are two or more persons jointly charged or indicted, and a severance is had, the privilege of testifying shall be extended only to the person on trial." Acts 21st Leg., p. 37.

It is true that the parties in this instance had not been jointly charged or indicted, but we can perceive no difference in the rule, or reason of the rule, after a severance and its application to separate prosecutions. Parties prosecuted by separate indictments for an offense growing out of the same transaction may sever under our statute in order to avail of the testimony of the one first elected to be tried. Code Crim. Proc., art. 669.

In advance of his trial defendant had his remedy, and should have availed of it in order to get the testimony of the joint offender, Andrew Jenkins. He has no right to complain that the court refused to allow him to withdraw his announcement of "ready for trial," after he had taken no steps to have his confederate first put on trial, and had voluntarily submitted to having himself first placed on trial.

The charge of the court, in effect, instructed the jury that they might convict defendant if he struck with the pistol, and the pistol was "a deadly weapon, by reason of its weight, or by reason of its dimensions, or by reason of the manner of its use, and was then and there calculated to produce death or serious bodily injury." This charge was excepted to. A pistol is not necessarily a deadly weapon. The deadly character of the weapon must be alleged and proved. Hunt v. The State, 6 Texas Ct. App., 663; Key v. The State, 12 Texas Ct. App., 506. "Striking and beating with a pistol, in a manner calculated to inflict serious bodily pain and injury, does not *per se* constitute an aggravated assault." Miles v. The State, 23 Texas Ct. App., 410.

In this case the allegation was that the pistol was "a deadly weapon." The evidence does not sustain the allegation. It shows that the pistol was a large one—a five-shooter—which staggered and dazed the assaulted party when struck with it, causing the blood to flow, but it is not shown that it was capable of producing death or serious bodily injury. "Whether a pistol is a deadly weapon, when used to strike with as a club or stick, must depend upon its size or weight, in connection with the manner of its use and the part of the person stricken with it. A pistol used to strike with is nothing more than a piece of iron of the same size, weight, and shape." Skidmore v. The State, 43 Texas, 94; Willson's Crim. Stats., sec. 844. Because the evidence fails to establish the allegation in the information that the pistol was "a deadly weapon" the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.